McKAY v. GULF REFINING CO.

(Circuit Court of Appeals, Fifth Circuit. January 18, 1910.)

No. 1,947.

1. MARITIME LIENS (§ 17*)—LIEN FOR SUPPLIES—FLORIDA STATUTE.
   Rev. St. Fla. 1892, § 1738 (Gen. St. Fla. 1906, § 2204), giving a lien for supplies furnished to vessels, was not repealed by Act June 4, 1903 (Laws 1903, c. 5143), providing for mechanics' liens.
   [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 22; Dec. Dig. § 17.*]

2. MARITIME LIENS (§ 60*)—ENFORCEMENT OF STATUTORY LIENS—ADMIRALTY JURISDICTION.
   Contracts for supplies to a vessel at her home port are maritime in their nature, and liens therefor created by state statutes are within the admiralty jurisdiction, and enforceable only by proceedings in rem in the federal courts.
   [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 98; Dec. Dig. § 60.*
   Created by state laws, see note to The Electron, 21 C. C. A. 21.]

Appeal from the District Court of the United States for the Southern District of Florida.

Suit in rem in admiralty by the Gulf Refining Company to enforce a statutory lien. Decree for libelant, and claimant, James McKay, appeals. Affirmed.

W. A. Carter and John P. Wall, for appellant.

Peter O. Knight, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The law of Florida giving a lien for supplies furnished to vessels within her borders (section 1738, Rev. St. Fla. 1892; Gen. St. Fla. 1906, § 2204) was not repealed by act of June 4, 1903 (Laws Fla. 1903, c. 5143), entitled "An act to provide liens for materialmen, mechanics," etc.

Contracts for supplies to a vessel at her home port are maritime in their nature, and liens therefor created by state statutes are within the admiralty jurisdiction, and enforceable by proceedings in rem only, in the federal courts. The Madrid (C. C.) 40 Fed. 677.

The decree of the District Court is affirmed.